## Commonwealth v. Crouch.

(Decided June 13, 1916.)

1.   Trial—Judgment—Suspension of Upon Granting Appeal.—It appearing that upon overruling defendant's motion for a new trial and granting him an appeal, the circuit court by ·order then entered gave him until the second day of the next term to file his bill of .exceptions, but only a sixty day suspension of the judgment; and it appearing that the time for which judgment is suspended will

end before the expiration of the sixty days allowed by section 336, subsection 4, criminal code, for the filing of the transcript of the record in the office of the clerk of the Court of Appeals, after the bill of exceptions is filed in the circuit court; the circuit court, instead of staying execution of the judgment for sixty days from its rendition, should have suspended it for a period of sixty days after the date of the filing of the bill of exceptions in the office of the clerk of the circuit court.

2. Appeal and Error—Motion for Suspension of Judgment—When Court of Appeals Cannot Entertain.—Where the appeal has not reached the Court of Appeals that court is without authority to enter an order suspending execution of the judgment of conviction rendered in the circuit court; such order can only be made by the circuit court.

C. B. CASSITY, C. W. NESBITT and C. W. GOODPASTER for defendant.

M. M. LOGAN, Attornel General, and D. O. MYATT, Assistant Attorney General, for plaintiff.

OPINION BY JUDGE SETTLE—Overruling motion of defendant for suspension of judgment of conviction.

James Crouch was convicted in the Bath circuit court of the crime of voluntary manslaughter and his punishment fixed by verdict of the jury and judgment of the court at confinement in the penitentiary not less than seventeen years nor more than eighteen years; and he has entered a motion in this court for a stay of the execution of the judgment of conviction for sixty days from and after the time fixed by an order of the circuit court for filing a bill of exceptions preparatory to an appeal of the case; filing in support of his motion, certified copies of the judgment of that court, the order overruling his motion for a new trial; granting him an appeal and suspending the execution of the judgment for sixty days following the entering of the judgment of conviction.

Section 336 Criminal Code, provides:

"An appeal may be taken by the defendant in the following manner only:

"1. The appeal must be prayed during the term at which the judgment is rendered, and the prayer noted on the record in the circuit court. The appeal shall be granted as a matter of right.

"2. When an appeal is prayed the court shall, if the defendant desire it, make an order that the execu-

tion of the judgment be suspended until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. After the expiration of such period the judgment shall be executed unless the defendant shall have filed in the clerk's office of the court rendering the judgment, the certificate, as provided in subsection 3 of this section, that the appeal has been taken, or a copy of an order of the Court of Appeals granting further time to lodge the transcript.

"3. The appeal is taken, by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the Court of Appeals shall thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment until the decision upon the appeal.

"4. If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

It appears from the judgment and orders before us that on May 18th, and during the May term, 1916, of the Bath circuit court, the court upon overruling defendant's motion for a new trial, by the order then entered, gave him until the second day of the next, or September term, 1916, to prepare and file his bill of exceptions, but by the same order only granted a stay of the execution of the judgment for a period of sixty days from the date of the entry thereof, which sixty days suspension of the judgment will end July 18, 1916, and also before the expiration of the time given him to file his bill of exceptions. It is apparent, therefore, that the time for and during which the judgment is suspended will end before the expiration of the time allowed him by section 336, subsection 4, Criminal Code, for perfecting his appeal by filing the transcript of the record in the office of the clerk of this court within the sixty days after the bill of exceptions is filed in the circuit court and made a part of the record. Consequently, he may be taken to and confined in the penitentiary before his appeal reaches this court. So the circuit court, instead of staying the execution of the judgment for sixty days from the time of its rendition, as allowed by section

336, subsection 2, Criminal Code, should have made its order suspending the execution of the judgment for a period of sixty days from and after the date of the filing of the bill of exceptions, as provided by subsection 4, section 336; and this it can yet do.

The appeal has not yet reached this court and cannot do so until after the defendant has filed his bill of exceptions in the circuit court, which he has until the second day of its September term to do, and, upon doing which, he will still have sixty days thereafter in which to file a transcript of the completed record in the office of the clerk of this court. Consequently, this court is without authority to enter an order suspending the execution of the judgment of conviction. Such suspension of the execution of the judgment, as the case now stands, can only be made by an order in the circuit court. That court, as we are advised, is not unwilling to make the order, but did not do so because in doubt of the construction that should be given the provisions of section 336 Criminal Code. In the event it should fail to grant the suspension of the execution of the judgment, as provided by subsection 4 of that section, the defendant has a remedy in the writ of mandamus.

For the reasons indicated the motion of the defendant for an order of this court granting the stay of the execution of the judgment is overruled.