Granting mandatory injunction.
By this action begun in this court to determine the correct practice, petitioner seeks a mandatory injunction requiring respondent as judge of the Fayette circuit court to stay for sixty days the execution of a death sentence pronounced against him to enable him to perfect his appeal to this court from that judgment.
Section 336 of the Criminal Code prescribes the time and manner of appealing in felony cases. Subsection 1 thereof provides that an appeal shall be granted as matter of right, and subsection 2 that "when an appeal is prayed the court shall, if the defendant desire it, make an order that the execution of the judgment be suspended *Page 500 
until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals," which by subsections 3 and 4 is fixed at 60 dys from the judgment or the filing of the bill of exceptions if time be granted therefor beyond the term.
We have uniformly held these provisions mandatory and that the circuit court may be required to grant the suspension for 60 days by mandatory injunction. Balee v. Commonwealth, 153 Ky. 558, 156 S.W. 147; Commonwealth v. Crouch, 170 Ky. 772,186 S.W. 764. In those cases, however, the punishment was not fixed at death, and it is respondent's contention that section 336, although by its terms it covers all felonies, does not apply to death cases because of section 295 of the Code, which reads: "The only officers who shall have the power of suspending the execution of a judgment of death are the governor" and in certain circumstances not present here the sheriff and the clerk of this court.
If this be true the legislature has provided a certain and simple means of staying the execution of a judgment pending an appeal in all felony cases except where death is imposed and left a haitus in the law with reference to appeals in such cases whereby perchance the defendant may be electrocuted before he can get his record prepared for an appeal. A mere statement of its consequences forbids such a construction of the two provisions. Clearly they must be construed together and harmonized as they easily may be by assuming as is unquestionably true that section 295 was intended to apply only after the judgment became final in the circuit court. So construed it harmonizes with section 336 supra; does not disturb the trial court's control of its judgments during the term or until an appeal therefrom is perfected and does no violence to the language of either section.
Accordingly a mandatory injunction will issue directing respondent to enter an order suspending the execution of the judgment in Commonwealth v. Raymond C. Davis yet pending in this court in accordance with the terms of subsection 2 of section 336 of the Criminal Code. *Page 501